IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JASON LEOPOLD, | ) | |
| BUZZFEED INC., | ) | |
| | ) | |
|     Plaintiffs, | ) | Case No. 21-cv-00558 (APM) |
| | ) | |
|     v. | ) | Hon. Amit P. Mehta |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

Defendant's motion would prejudice Plaintiffs by imposing substantial delays to the resolution of this case, with minimal, if any, judicial economic benefit.

While all three complaints address the same underlying subject, the events of January 6, the similarities end there. Plaintiffs' requests here were only directed at components of DOJ. On the other hand, CREW's complaint names DOD, the Department of the Army, DHS, and DOI in addition to DOJ. (Dkt. No. 11.1 ¶¶6-10.) Similarly, American Oversight sues DOJ, but also names the Office of the Army General Counsel, DOD, the National Guard Bureau, and the Secret Service. (Dkt. No. 11.2 ¶¶ 6-10.) As a result, the resolution of Plaintiffs' issues here may be delayed while these other agencies complete their productions. *See De La Fuente v. DNC Services Corporation*, 2019 WL 1778948 at *13 (D.D.C. 2019) ("consolidation, if it delays the Wilson proceedings, could potentially prejudice the DNC").

The DOJ requests across the cases also contain substantive differences in scope: Plaintiffs' request here includes a broader time period and the language of the requests varies from case to case. Further, DOJ has not even conducted any searches, let alone issued the determinations that

- 2 -

will reveal what, if any, issues will be the subject of substantive motion practice. As a result, any potential benefits of consolidation are speculative.

Courts have "broad discretion" to determine whether consolidation is appropriate, and, in exercising this discretion, should "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). Those considerations do not support consolidation, at least at this time. Plaintiffs respectfully join with CREW and American Oversight in asking the Court to deny Defendant's motion to consolidate.

          RESPECTFULLY SUBMITTED,

          /s/ *Matthew V. Topic*

          _____

          Attorneys for Plaintiff

Matthew Topic
Joshua Burday
Merrick Wayne
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com
Atty. No. 41295

## CERTIFICATE OF SERVICE

I, Matthew Topic, hereby certify that on April 28, 2021, I caused the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE to be served on all counsel of record via electronic mail.

          */s/ Matthew V. Topic*